UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOHN AMES AND MICHAEL PANTONY AS
TRUSTEES OF THE UNITED WELFARE FUND,
WELFARE DIVISION AND UNITED WELFARE
FUND, SECURITY DIVISION,

      Plaintiffs,

 -against-

WORLD HYUNDAI, LLC D/B/A WORLD HYUNDAI
and STEPHEN M. RADLER,

      Defendants.
-----------------------------------------------------------------X

Civil Action Number ROBINSON

COMPLAINT

07 CIV. 7750

Plaintiffs, John Ames and Michael Pantony as Trustees of the United Welfare Fund, Welfare Division and the United Welfare Fund, Security Division ("Plaintiffs") by and through their attorneys, Richard M. Greenspan, P.C., for their complaint allege as follows:

## JURISDICTION

1. This is an action arising under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. 1001 et. seq. (hereinafter referred to as "ERISA"), seeking contributions to be made to the United Welfare Fund, Welfare Division ("Welfare Fund") and United Welfare Fund, Security Division ("Security Fund")[1]. The subject matter jurisdiction of this Court is invoked pursuant to 29 U.S.C. §1132(a)(3), (d)(1), (f), (g), 29 U.S.C. §1145 and 29 U.S.C. §185.

---

[1] The Welfare Fund and Security Fund are referred to herein collectively as "Funds".

## PARTIES

2.    The plaintiff Funds are jointly administered, multi-employer, Taft-Hartley benefit funds administered by Trustees designated by a union and by employers, established and maintained pursuant to §302(c)(5) of the Labor Management Relations Act, 29 U.S.C. §186(c)(5) ("LMRA"). The Funds are administered and maintain offices for the conduct of business at 138-50 Queens Boulevard, Briarwood, New York 11435.

3.    The Funds are employee benefit plans within the meaning of §3(1) and (3) of ERISA, 29 U.S.C. §1002(1) and (3) and is maintained for the purpose of providing welfare and training benefits to eligible participants and beneficiaries.

4.    The Funds may maintain this action under §502(d)(1) and (e) of ERISA, 29 U.S.C. §1132(d)(1) and (e).

5.    The individual plaintiffs are representative Trustees of the Funds and are fiduciaries within the meaning of §3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

6.    The plaintiffs bring this action on behalf of the Funds and their participants and beneficiaries pursuant to §502 of ERISA, 29 U.S.C. §1132 and 29 U.S.C. §1145.

7.    Upon information and belief, the defendant, WORLD HYUNDAI, LLC. d/b/a WORLD HYUNDAI ("Employer"), is a Limited Liability Company doing business at 125 Main Street New Rochelle, New York 10801.

8.    The defendant is an Employer engaged in an industry affecting commerce, within the meaning of § 3(12) of ERISA, 29 U.S.C. § 1002(12), who employs or has employed employees, included within a Union collective bargaining agreement, whereunder defendant is required to make contributions to the Funds.

## VENUE

9. This Court has proper venue, pursuant to §502(c)(2) of ERISA, 29 U.S.C. §1132(c)(2), because defendant maintains offices in this District.

## STATEMENT OF FIRST CLAIM

10. At all relevant times, the defendant was a party to a collective bargaining agreement ("Agreement") with Local 355, United Service Workers Union, IUJAT ("Union").

11. At all relevant times, the Agreement obligates the Employer to contribute to the Funds for all employees so as to permit the employees covered by the agreement to receive welfare and training benefits through the Funds.

12. The Employer had agreed to remit contributions in the manner prescribed by the Funds in accordance with provisions in the Agreement.

13. The Agreement requires by its terms that contributions are to be made to the Funds on behalf of each of the Employer's employees for the workers covered by the Agreement rates specified in the Agreement. Payments are to be remitted to the Funds' office on or before the 1st day of the current month.

14. The Employer has failed to make the required contributions to the Funds under the Agreement.

15. The Funds demand, and have adopted procedures in accordance with the applicable provisions of ERISA, that because of injury to the Funds and their participants, caused by late contributions, and the failure to make contributions, an employer who is delinquent is

required to pay, in addition to the unpaid contributions, liquidated damages equal to 20% of the contributions due, interest on the unpaid contributions to the date payment is made, reasonable attorney's fees and all costs of collection, including, but not limited to, expert witness fees and costs incurred in prosecuting this lawsuit.

16. The Employer is obligated to pay the contributions but has refused to do so despite having been requested to perform its obligations.

17. The principal amount of contributions due to the Welfare Fund for the period December 2006 through January 2007 is $6,720.40. This amount may be subject to further adjustment on the basis of a final audit of the Employer's payroll books and records.

18. The principal amount of contributions due to the Security Fund for the period November 2006 through January 2007 is $ 489.63. This amount may be subject to further adjustment on the basis of a final audit of the Employer's payroll books and records.

19. During the pendency of this lawsuit additional contributions may become due and owing to the Funds by the Employer in accordance with terms of the Agreement and rules adopted by the Funds.

### FOR A SECOND CLAIM

20. Plaintiffs repeat each and every allegation of the First Claim as set forth herein.

21. As a result of the failure to make timely contributions, the Funds have suffered injury cognizable as liquidated damages in the amount of 20% of the contributions due, or $1,442.01, with accrued interest from the date contributions were due, along with the costs of collection,

including, but not limited to, reasonable attorney's fees or such other relief as the Court deems proper along with court costs.

## FOR A THIRD CLAIM

22. Plaintiffs repeat each and every allegation of the First and Second Claims as if set forth herein.

23. At all relevant times, Stephen M. Radler (hereinafter "Radler") was the principal owner of the defendant.

24. Radler represented to the Union and to the Funds that he was closing the business and promised to personally pay the contributions in arrears through January 2007.

25. Pursuant to his promise to the Union and to the Funds, Radler made installment payments of $500 each from his own personal funds or from funds of the employer which had been comingled with his personal funds.

26. In reliance on Radler's said representation, promise and payment, the Funds did not bring an immediate action to collect the contributions owed.

27. Upon information and belief, sometime after the aforesaid representation and promise was made by Radler, the assets of the Company were liquidated and/or distributed rendering the Company insolvent and unable to pay its creditors, including the plaintiff..

28. As a result of the foregoing, Radler is personally obligated to pay the balance of contributions owed to the Funds.

## REQUEST FOR RELIEF

WHEREFORE, plaintiffs request that an order and judgment be entered in favor of plaintiffs against defendants as follows:

      a.    Unpaid contributions to the Funds in the amount of $7,210.03; plus liquidated damages amounting to $1,442.01; plus interest and costs of collection, including, but not limited to, costs of this suit, expert witness fees and attorney's fees or such other relief as the Court determines just; (hereinafter "Costs of Collection");

      b.    Such additional contributions, with associated liquidated damages (in the amount of 20%), interest, attorney's fees and costs of collection, as may be determined to be justly due and owed to the Funds during the pendency of this action and before final judgment;

      d.    statutory liquidated damages;

      e.    statutory interest;

      f.    attorneys' fees or such other relief as the Court determines just, expert witness fees, audit fees, all other litigation costs and costs and disbursements of this suit;

      g.    such additional and further relief as this court deems just and proper.

Dated: August 27, 2007

Thomas Rubertone, Jr. (TR 2193)
Richard M. Greenspan, P.C.
Attorney for Plaintiffs
220 Heatherdell Road
Ardsley, New York 10502
(914) 478-2801
tom.rmglaw@verizon.net

[Z:\mcommesso\WPDOCS07\UWF&SD\WorldHyundai\Complaint.wpd]